PER CURIAM.
 
 *
 

 We reverse the court of appeal’s ruling on the Defendants’ Motion for Summary Judgment and reinstate the trial court’s ruling, granting the Motion for Summary Judgment. As pointed out by Judge Amy, in his dissent, the trial court considered the late timing of the affidavit filed by the plaintiff and chose to follow the mandatory language of La.Code Civ. P. art. 966(B)(2), which requires a party opposing the motion for summary judgment to serve opposing affidavits and any memorandum in support thereof “at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary.” Rule 9.9(b) of the Uniform Rules of the Louisiana District Courts provides, in pertinent part: “A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing.” Additionally, the trial court was informed the case was six years old and the plaintiff was aware of the expert for years. As such, the trial court did not abuse its discretion in excluding the affidavit.
 

 REVERSED; TRIAL COURT JUDGMENT REINSTATED.
 
 *273
 
 the public service taxpayer, and not to the assessor. LSA-R.S. 47:1856(G).
 

 
 *272
 
 JOHNSON, J., would deny the writ application.
 

 *
 

 Kimball, C.J. not participating in this opinion.