PER CURIAM.
11 This matter arises out of a medical malpractice suit brought by the plaintiff, Rebecca Sims, individually and on behalf of her minor son, Kolten Sims, against Tonya Hawkins-Sheppard, M.D. and her insurer, Louisiana Medical Mutual Insurance Company. The plaintiff alleges Dr. Hawkins-Sheppard committed medical malpractice during the delivery of the plaintiffs child. The plaintiff filed a complaint with the Louisiana Patients Compensation Fund on June 21, 2007. The medical review panel unanimously found that Dr. Hawkins-Sheppard obtained informed consent for the procedure and acted within the standard of care at all times. Plaintiff subsequently filed the present lawsuit on May 22, 2009.
Thereafter, Dr. Hawkins-Sheppard propounded interrogatories and requests for production of documents upon the plaintiff. One of those discovery requests sought the identity of any medical expert who had been consulted and could support the plaintiffs claim. Plaintiff responded that no such expert had been consulted. In light of this response, and the unanimous opinion of the medical review panel, Dr. Hawkins-Sheppard moved for summary judgment. A hearing on the motion was set for May 4, 2010.
At the request of plaintiffs counsel, the hearing date was continued, for two 12months, until July 7, 2010. Prior to the hearing on July 7, 2010, plaintiffs counsel opposed the motion for summary judgment, including as an exhibit an unsigned affidavit from a doctor. Plaintiffs counsel asserted a signed affidavit would be substituted at the hearing. On the day of the hearing, plaintiffs counsel was unable to produce a signed affidavit. Plaintiff informed the court that she wished to terminate counsel and find new representation. The trial court informed the plaintiff that *156 such a decision would not delay the proceedings, which had already been continued once at the plaintiffs request. The court then granted the motion for summary judgment after argument, and thereafter granted plaintiffs motion to terminate trial counsel.
The court of appeal reversed, holding that the trial court abused its discretion under La. C.C.P. art. 966(B) and the interpreting case law. The court of appeal found the trial court should have allowed the plaintiff a reasonable amount of time to find new counsel and secure the signature of a medical expert on an opposing affidavit rather than cutting off the plaintiff at the summary judgment phase. The court of appeal found the plaintiff had been misled and deceived by her former counsel.
This writ application filed by Dr. Hawkins-Sheppard and her insurer presents a recurring issue to this court concerning summary judgment motions. In the recently-decided cases of Newsome v. Homer Memorial Medical Center, 2010-0564 (La.4/9/10), 32 So.3d 800 and Guillory v. Chapman, 2010-1370 (La.9/24/10), 44 So.3d 272, per curiam opinions were issued, prompted by the apparently justified concern that courts of appeal are reversing district courts which properly apply the summary judgment rules contained in La. C.C.P. art. 966. Motions for summary judgment are favored under the law since the amendment to La. C.C.P. art. 966 in 1996.
|sIn Newsome, the plaintiffs counsel filed an untimely motion to continue a summary judgment hearing, which had previously been continued at plaintiffs request, in a medical malpractice action or to allow the late filing of an affidavit in support of plaintiffs opposition. The trial court granted the continuance and allowed the late filing, even though his inclination was to deny both, because he was concerned the court of appeal would send the matter back. The court of appeal affirmed, but this court granted a writ. This court found the trial court abused its discretion in granting the continuance because the “good cause” for the continuance was only to allow plaintiffs counsel to comply with the uniform rules which required the affidavit supporting the opposition to be filed eight days before the hearing. In other words, plaintiffs counsel had not obtained the medical affidavit to support his opposition until after the deadline for submitting affidavits for the summary judgment hearing under La. C.C.P. art. 966 had passed. In that case, plaintiffs counsel’s reason for not having obtained an expert or an expert’s affidavit earlier was that a one-week trial on her schedule turned into a three-week trial. This court found, under the facts in Newsome, that the trial court abused its discretion in granting the continuance and reversed, remanding the matter to the trial court so that a hearing could be conducted based on the discovery on file as of the date of the hearing.
Here, plaintiffs counsel stated at the hearing on the motion for summary judgment that he had spoken to the plaintiffs treating physician after the delivery and that she was willing to serve as an expert witness for the plaintiff. Apparently, the plaintiff had known of this doctor’s willingness to serve as an expert witness for some time. Nevertheless, plaintiffs former counsel did not send medical records or a copy of an affidavit to this medical expert until two weeks before the rescheduled hearing. Plaintiffs counsel’s reasons for not obtaining the expert affidavit earlier was that the Ldoctor was on vacation and then there was a three-day holiday. These facts do not constitute “good cause” for failing to comply with the *157 time limits found in La. C.C.P. art. 966(B) or District Court Rule 9.9(b), which require serving opposing affidavits eight calendar days before the scheduled hearing.
Plaintiffs complaint before the medical review panel was filed on June 21, 2007. Considering the fact that the decision of the panel was unanimously in favor of the doctor and that the alleged malpractice was not of an obvious type which would not need expert medical testimony, plaintiffs counsel had to know as of that time that he would need to obtain a medical expert in order to prove plaintiffs claim. Yet even after suit was filed on May 22, 2009, after the defendants’ discovery requests pointed out the lack of a medical expert to prove the plaintiffs claim, after the motion for summary judgment was filed and scheduled for a hearing, and after that scheduled hearing was continued for two months, plaintiffs counsel still failed to obtain a medical expert.
In Guillory, we reinstated a trial court judgment granting summary judgment, where the trial court considered the late timing of the affidavit filed on behalf of the plaintiff, but followed the mandatory language of La. C.C.P. art. 966(B). In that case, the medical malpractice claim was six years old and the plaintiff had been aware of the expert for years. This court found no abuse of the trial court’s discretion in choosing to follow the mandatory language of the statute.
Likewise, we find no abuse of the trial court’s discretion in this case. The defendants established their entitlement to sum7 mary judgment under the provisions of La. C.C.P. art. 966, and the uniform rules approved by this court. The plaintiff failed to show “good cause” under La. C.C.P. art. 966(B) why she should have been given additional time to file an opposing affidavit. Consequently, there is no genuine [ ¿issue to the material fact that the plaintiff, upon the present record, is unable to prove the doctor defendant breached an applicable standard of care and the defendants are entitled to judgment on this issue as a matter of law. Like the court of appeal, we do not reach the remaining issue of the plaintiffs informed consent.
REVERSED AND REMANDED.
JOHNSON, J., dissent and assigns reasons.