AMY, J.,
concurring in the result.
hi agree with the majority that a reversal is required here. However, I write separately insofar as I limit my analysis to the untimely introduction of evidence in support of the motion for summary judgment. In my opinion, this preliminary and foundational matter should be the sole focus of the court’s attention.
As the majority references, Master-Bilt sought to introduce evidence in support of its motion for summary judgment at a second hearing conducted on that motion. Ultra Pure objected to the supplemental submission and noted that it was not given prior notice of the filing. Master-Bilt contended that Ultra Pure was not disadvantaged by the lack of prior notice as the summary judgment proceedings were a continuation of the earlier hearing and the issue under consideration was a pre-exist-ing one. Master-Bilt also noted that Ultra Pure had participated in the depositions which were excerpted in the exhibits.
Ultimately, the trial court permitted the filing of the new evidence, finding that it did not reveal “anything new.” Although it allowed a brief recess for Ultra Pure to review the documents submitted on the day of the hearing, it denied counsel’s request for additional time to file its own evidence in rebuttal.
Louisiana Code of Civil Procedure Article 966(B) provides that the memorandum in support of a motion for summary judgment and supporting affidavits “shall be served within the time limits provided in District Court Rule |29.9.” (Emphasis added.) Reference to Rule 9.9 demonstrates that the memorandum “shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time.” (Emphasis added.) Additionally, Rule 9.10 contains a series of elements which shall be contained in that memorandum, including references to legal documents relating to each material fact at issue and designation of the pertinent part containing proof of that fact. In sum, the distinct time limitations regarding such a filing, as well as those related to subsequent filings in opposition and in reply to that opposition, provide notice to all concerned about the matter on which the hearing is to be conducted.
Not only does Article 966(B) employ “shall” in setting forth the period for advance notice, but, as recognized by the *1290 majority, the supreme court has recognized that the time limitation is “mandatory.” Buggage v. Volks Constructors, 06-0175 (La.5/5/06), 928 So.2d 536. Like the majority, I too recognize that Buggage and related jurisprudence indicate that the trial court is afforded some degree of discretion in application of this time period. See, e.g., Sims v. Hawkins-Sheppard, 11-0678 (La.7/1/11), 65 So.3d 154; Newsome v. Homer Memorial Med. Ctr., 10-0564 (La.4/9/10), 32 So.3d 800.
Here, however, the trial court chose to accept an untimely submission filed in support of a motion for summary judgment and without any prior notice as to the extent and contours of the submission afforded to the party in opposition. Further, over objection and in a multi-faceted case, the trial court then ruled on that related motion for summary judgment without a measured opportunity for the opposing party to rebut the untimely, unnoticed evidence.
Once the trial court made the determination to accept the late evidence, whether appropriately or not, it was not the role of the trial court nor the moving party to suggest that the opposing counsel would be unable to offer anything in | ^rebuttal to change the course of the hearing. Also, given the extent of the evidence generated by this litigation and the seemingly moving nature of the claim(s) and defense(s) asserted, I find that the brief recess permitted for review of the new evidence offered no real relief to the party in opposition given its inability to introduce rebuttal evidence. I believe that all of this must be viewed in the context of the mandatory notice strictures of Article 966(B), which required, at a minimum, prior notice to the opposing party.
Finally, I do not find that the follow-up nature of this hearing relieved the parties of the requirement of advance notice. It is true that the motion for summary judgment was initially heard in early August 2011 and the hearing now at issue was conducted three weeks later as a continuation of that matter. However, I find no provision permitting a moving party to bootstrap new evidence into its originally-filed submission without adequate notice. In short, the non-moving party arrived at the hearing with no notice of the evidence and, upon acceptance of that evidence, was afforded no prospective opportunity to rebut the offering. In my opinion, this type of failure in process must certainly constitute an abuse of discretion.
For these reasons, I join the majority in reversing the summary judgment and in remanding the matter for further proceedings.