# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-516


KAYLA ARCENEAUX

VERSUS

LAFAYETTE GENERAL MEDICAL
CENTER, ET AL.



**********

ON SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2016-2378
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.


## WRIT GRANTED; JUDGMENT REVERSED; REMANDED.

**Nicholas Gachassin, III**
**Holly McKay Descant**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, Louisiana 70598-0369**
**(337) 235-4576**
**Counsel for Defendant/Applicant:**
    **Lafayette General Medical Center**

**Patrick D. Magee**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, Louisiana  70502-3527**
**(337) 232-9700**
**Counsel for Defendant:**
       **Bobby Nevils, M.D.**

**Harold D. Register, III**
**Attorney at Law**
**Post Office Box 80214**
**Lafayette, Louisiana  70598-0214**
**(337) 981-6644**
**Counsel for Plaintiff/Respondent:**
       **Kayla Arceneaux**

**KEATY, Judge.**

In this medical malpractice case, defendant-relator, Lafayette General Medical Center (LGMC or the hospital), filed a motion for summary judgment seeking to have the claims against it by plaintiff-respondent, Kayla Arceneaux, dismissed with prejudice on the basis that she failed to present any evidence to establish that it breached the applicable standard of care or that any alleged breach caused her damages. At the conclusion of the hearing on LGMC's motion, the trial court granted plaintiff a ninety-day extension to produce an expert and disclose the expert's opinion to it and the hospital. A judgment memorializing the trial court's ruling was signed on May 15, 2017, and LGMC seeks supervisory writs from that judgment. For the following reasons, we grant the writ, reverse the trial court's judgment, and remand.

## STATEMENT OF THE CASE

The plaintiff was admitted into LGMC on January 13, 2014, when she was approximately thirty to thirty-one weeks pregnant. According to the petition, plaintiff's obstetrician/gynecologist, Dr. Bobby Nevils, wanted hourly fetal monitoring. Over the course of the next few days, the fetal monitor was removed; however, there is a dispute concerning whether this was done at plaintiff's request. By January 15, 2014, fetal heart tones were no longer detected. The next day, plaintiff delivered a stillborn male with hydrocephalus, commonly known as water on the brain. Within several days of the delivery, plaintiff began to complain that she was unable to feel her legs. Two or three times during her care, plaintiff fell to the floor as she was being assisted out of bed by nurses and/or aides.

On December 30, 2014, plaintiff filed a request for a medical review panel (MRP), which rendered a unanimous opinion finding that neither LGMC nor

Dr. Nevils failed to meet the applicable standard of care. Plaintiff filed the instant suit on May 3, 2016.[1] According to plaintiff's petition, she "suffered a disc protrusion at L2-L3" and "incurred extensive medical expenses" "[a]s a result of the negligent care of the nurses and/or hospital personnel." LGMC answered the suit, joining therewith an exception of vagueness and ambiguity and a motion to strike portions of plaintiff's petition. As evidenced in a Consent Judgment signed on July 25, 2016, plaintiff agreed to the entry of an order granting LGMC's exception and motion. On January 18, 2017, LGMC filed a motion for summary judgment on the ground that plaintiff had no experts to establish the standard of care or breach thereof so as to meet her burden of proof. In support of its motion, LGMC filed the MRP opinion and reasons.[2] Due to the fact that discovery remained outstanding at the time, plaintiff requested and the trial court signed an Unopposed Motion to Continue resetting the hearing on LGMC's motion from March 6, 2017, to May 1, 2017. As to the merits of LGMC's motion, Plaintiff argued that LGMC's malpractice was so obvious that a layperson could infer negligence without expert testimony. Four exhibits were attached to plaintiff's opposition, consisting of affidavits executed by her and her mother, progress notes from her stay at LGMC, and two LGMC Patient Safety Reports concerning two falls that occurred during her hospital stay.

At the May 1, 2017 hearing, the trial court stated:

> I'm not even going to recite the facts of this . . . . There's no doubt in the world you cannot survive a medical malpractice case without an

---

[1] Dr. Nevils was also named as a defendant. While the complained-of-judgment indicates that counsel for Dr. Nevils was present at the hearing on LGMC's motion for summary judgment, we are unable to determine from LGMC's writ application the status of plaintiff's claims against him.

[2] LGMC also attached to its motion copies of its certificate of enrollment in the Louisiana Patient's Compensation Fund, plaintiff's petition, and its answer to the petition.

2

expert. Either you get an expert or I dismiss the case. I'm not even going to talk about it. You can't have a claimant say this happened to me, it's negligence. That doesn't work in medical malpractice. So I've got nothing else to say.

. . . .

It's causation that you're having a problem with . . . . It's not whether the baby didn't survive. It's causation. You have to bring the cause to the facts.

. . . .

You say it was because the fetal heart monitor wasn't attached, but nobody else said that. I don't know that. That's you and your client. You're not an expert. You can't tell me, or the trier of the fact, that.

. . . .

The whole point is, you have to have an expert that says the bulge results from a fall, as opposed to being scoliosis, as opposed to being spondylolisthesis, as opposed to being something that's [] hereditary. You say there was no results prior to that. So you need an expert to say that when someone falls to a floor from a three-foot point of view or whatever, that that could cause someone to have a bulging disc. That's what the requirements of the medical malpractice are. I didn't make those.

Rather than ruling on the motion for summary judgment, however, the trial court gave plaintiff ninety days to retain an expert, warning that her case against LGMC would be dismissed should she fail to do so. LGMC seeks review of the trial court's judgment which granted plaintiff an extension that she did not request. LGMC asks this court to reverse the trial court judgment and render a decision granting summary judgment in its favor.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. But see La.Code Civ.P. art. 2083, comment (b),

3

which provides, in pertinent part, that "[i]rreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs."

"A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court." *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878, 878 (La.1981) (per curiam). "This general policy, however, should not be applied mechanically." *Id.* Thus, when the trial court's ruling:

> is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.

*Id.* Because reversal of the trial court's ruling could result in dismissal of plaintiff's claims against it, we grant LGMC's request for supervisory writs.

## DISCUSSION

To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant, (2) the defendant breached that standard of care, and (3) a causal connection between the breach and the resulting injury. *See* La.R.S. 9:2794(A). Generally, expert testimony is required to establish the applicable standard of care and breach thereof, except where the malpractice is so obvious that a layperson can infer negligence without the guidance of expert testimony, such as where a physician amputates the wrong arm or leaves a sponge inside a patient's body. *Pfiffner v. Correa*, 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228.

Pursuant to La.Code Civ.P. art. 966(A)(1), a defendant may move for summary judgment "at any time." Where the defendant will not bear the burden of

proof at trial, it need only "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim" to meet its burden of proof on the motion. La.Code Civ.P. art. 966(D)(1). "Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Samaha v. Rau*, 07-1726, p. 5 (La. 2/26/08), 977 So.2d 880, 883 (citing *Wright v. La. Power & Light,* 06-1181, p. 16 (La. 3/9/07), 951 So.2d 1058, 1070).

The courts of this state have routinely held that a motion for summary judgment is an appropriate procedural vehicle to dismiss a defendant in a medical malpractice suit where a plaintiff fails to meet her burden of proof. *See, e.g.*, *Shultz v. Guoth*, 10,343 (La. 1/19/11), 57 So.3d 1002 (reversing trial and appellate rulings that defendant was not entitled to summary judgment where plaintiff failed to present evidence that defendants breached the standard of care or caused her injury); *Samaha*, 977 So.2d 880; *Orea v. Brannan*, 30,628 (La.App. 2 Cir. 6/24/98), 715 So.2d 108 (affirming summary judgment where plaintiffs had opportunity to file affidavits or other evidence establishing a genuine issue of material fact concerning defendants' breach of the applicable standard of care, but failed to do so).

"For good cause shown, the court may order a continuance of the hearing [on the motion for summary judgment]." La.Code Civ.P. art. 966(C)(2). "The trial court may take into consideration such factors as diligence, good faith, reasonable grounds, fairness to both parties and the need for the orderly administration of justice." *Rogers v. Hilltop Ret. & Rehab. Ctr.*, 13-867, p, 4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1053, 1058.

> [I]t is within the trial court's discretion to issue summary judgment where discovery is not completed. *Peterson v. City of Tallulah,* 43,197 (La.App. 2 Cir. 4/23/08), 981 So.2d 192. However, the parties must be given "a fair opportunity to present their claims and, **unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact**." *Id.* at 195.

*Id.* at 1058 (emphasis added). In that vein, the supreme court noted well over a century ago, in *State v. Posey*, 17 La.Ann. 252, 253 (La.1865), that "it is not in the discretion of the court to grant a continuance of a case, except [when] a party applies for it, and alleges sufficient cause to justify the same." To the present date, the notion espoused in *Posey* remains good law. "The trial court's decision whether to grant or deny a continuance is reviewed for abuse of discretion." *Rogers*, 153 So.3d at 1058.

Citing La.Code Civ.P. art. 966(F), LGMC argues that the trial court abused its discretion in allowing plaintiff an extension of time to obtain an expert because no such request was before the court.[3] LGMC asserts that, in the absence of such a request, there can be no good cause for granting a continuance in this matter. Accordingly, LGMC submits that the trial court should have ruled on the merits of its motion based on the documents in the record at the time. LGMC points out that when its motion came for hearing, plaintiff had over two years since its alleged malpractice to produce an expert, and its motion had already been continued once to allow the completion of discovery. Moreover, LGMC argues that plaintiff had the option to obtain an expert or request more time to do so. Instead, plaintiff chose to submit self-serving affidavits in support of her argument that LGMC's negligence was so obvious that she did not need an expert to prevail on her claims

---

[3] Louisiana Code of Civil Procedure Article 966(F) provides: "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time."

against it, an argument that the trial court clearly rejected as shown in the remarks that it made at the May 1, 2017 hearing.

LGMC directs this court's attention to three per curiam decisions rendered by the Louisiana Supreme Court involving motions for summary judgment in medical malpractice cases where the plaintiffs attempted to present expert opinions after expiration of the deadlines found in La.Code Civ.P. art. 966(B). In *Newsome v. Homer Memorial Medical Center*, 10-564 (La. 4/9/10), 32 So.3d 800, the trial court granted the plaintiff's motion to continue a hearing on the defendants' motion for summary judgment to allow it to consider an expert's affidavit that plaintiff filed after the deadline contained in La.Code Civ.P. art. 966(B) had passed. When plaintiff filed the motion to continue a mere seven days before the scheduled hearing, it had been five years since the alleged malpractice occurred, nine months since the MRP had rendered a unanimous decision in favor of the defendants, and the defendants had already postponed the hearing once before upon the plaintiff's agreement that the matter would not be continued again. Given the circumstances, the supreme court found that the trial court abused its discretion in granting the continuance. As a result, it reversed and remanded the matter to the trial court ordering it "to conduct a hearing on defendants' motion for summary judgment based on the pleadings, depositions, answers to interrogatories, and admissions on file on [the date of the scheduled hearing], together with any affidavits served at least eight days prior to that date."[4] *Newsome*, 32 So.3d at 802-03.

---

[4] At the time, La.Code Civ.P. art. 966(B) required that opposing affidavits be served at least eight days prior to the hearing; however, the article now requires that such documents be served not less than fifteen days prior to the hearing.

In *Guillory v. Chapman*, 10-1370 (La. 9/24/10), 44 So.3d 272, the supreme court reversed this court's ruling and reinstated the trial court's grant of summary judgment in favor of the defendants upon its finding of no abuse of discretion in trial court's exclusion of a late-filed expert affidavit pursuant to its decision "to follow the mandatory language of La.Code Civ.P. art. 966(B)(2)." *Id.* In doing so, the supreme court noted that "the case was six years old[,] and the plaintiff was aware of the expert for years." *Id.*

More recently, in *Sims v. Hawkins-Sheppard*, 11-678 (La. 7/1/11), 65 So.3d 154, the trial court granted summary judgment in favor of the defendants. The hearing on the defendants' motion had previously been continued for two months at plaintiff's counsel's request. Prior to the date of the reset hearing, plaintiff's counsel opposed the motion, attaching an unsigned affidavit from a doctor. At the hearing, after her counsel failed to produce a signed affidavit, the plaintiff told the trial court of her desire to fire her attorney and secure new representation. On appeal, the second circuit reversed, finding that:

> [T]he trial court abused its discretion under La. C.C.P. art. 966(B) and the interpreting case law. The court of appeal found the trial court should have allowed the plaintiff a reasonable amount of time to find new counsel and secure the signature of a medical expert on an opposing affidavit rather than cutting off the plaintiff at the summary judgment phase. The court of appeal found the plaintiff had been misled and deceived by her former counsel.

*Id.* at 156. The supreme court reversed and remanded upon its finding that the defendants had proved "their entitlement to summary judgment" and that the plaintiff, who herself had "[a]pparently . . . known of th[e] doctor's willingness to serve as an expert witness for some time," had not shown "'good cause' under La. C.C.P. art. 966(B) why she should have been given additional time to file an opposing affidavit." *Id.* at 156-57.

8

LGMC filed this writ application on June 2, 2017. In plaintiff's June 29, 2017 response to the writ, she continues to maintain her position that no expert testimony is necessary to prevail on her claims against LGMC.

According to the transcript of the May 1, 2017 hearing, before entertaining any arguments from the parties, the trial court announced, "[t]here's no doubt in the world [plaintiff] cannot survive a medical malpractice case without an expert. Either you get an expert or I dismiss the case." Thus, although the trial court did not expressly state it found that LGMC proved its entitlement to summary judgment, the above statement reveals the trial court's implicit finding that LGMC established plaintiff could not satisfy her burden of proof at trial, particularly on the issue of causation, without medical testimony. Under La.Code Civ.P. art. 966(D)(1), the burden should have then shifted to plaintiff to rebut LGMC's expert evidence that it did not breach the standard of care. Plaintiff did not produce any expert evidence, choosing instead to rely solely on her own affidavit and her mother's affidavit. At that point, LGMC was arguably entitled to summary judgment in its favor as a matter of law under La.Code Civ.P. art. 966(A)(2). Instead of ruling on LGMC's motion, however, the trial court continued the summary judgment hearing on its own motion, apparently finding that good cause existed to extend to plaintiff an additional opportunity to find an expert to support her claims.

The trial court's ruling effectively pits two of the summary judgment provisions against each other: the mandatory requirement in La.Code Civ.P. art. 966(A)(3) (emphasis added) that "a motion for summary judgment *shall* be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a

matter of law" versus the discretionary authority in Subsection C(2) (emphasis added), which provides that "the court *may* order a continuance of the hearing." Moreover, as the hospital pointed out, a trial court can render summary judgment only as to the issues presented in the motion then being considered. *See* La.Code Civ.P. art. 966(F). Here, the trial court rendered judgment, although notably not summary judgment, on an issue not before the court, i.e., a request for an extension of time. Plaintiff rested her opposition to LGMC's motion for summary judgment on the obvious negligence exception to the general evidentiary rule requiring expert testimony in medical malpractice cases. She did not seek a continuance of the hearing for the purpose of obtaining an expert.

"A trial judge has wide discretion in the control of his docket, in case management and in determining whether a motion for continuance should be granted." *Jackson v. Royal Ins. Co.*, 97-723, p. 3 (La.App. 3 Cir. 12/17/97), 704 So.2d 424, 426. On the other hand, the summary judgment procedure "is favored and *shall* be construed to accomplish" the ends for which it was enacted, i.e., "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). Undeniably, this writ presents a close call between the vast discretion granted to a trial court to manage its docket and the speedy resolution that the summary judgment procedure was enacted to ensure. Nevertheless, in light of the trial court's rejection of the plaintiff's argument that LGMC's negligence was so obvious that she did not need to present expert testimony to prevail against it coupled with the fact that plaintiff did not request a continuance or show that she would suffer "probable injustice" should the matter "not be delayed," we conclude that the trial court abused its discretion in granting plaintiff an additional ninety days to retain an expert. *Rogers*, 153 So.3d at 1058.

10

**DECREE**

For the foregoing reasons, the May 15, 2017 judgment is reversed and this matter is remanded to the trial court for a hearing on LGMC's motion for summary judgment based on the "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions" filed in support of or in opposition to the motion as of May 1, 2017.

**WRIT GRANTED; JUDGMENT REVERSED; REMANDED.**