KLYRISSIA REED

VERSUS

DR. BLAKE C. LANDRY, ET AL.

NO. 21-CA-589

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 801-788, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING


June 03, 2022


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst


**<u>AFFIRMED</u>**
    **SJW**
    **JGG**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
KLYRISSIA REED
 Richard H. Barker, IV

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER CLINIC FOUNDATION
 Don S. McKinney
 Erica P. Sensenbrenner

**WINDHORST, J.**

Appellant, Klyrissia Reed, appeals the trial court's May 3, 2021 judgment granting summary judgment in favor of appellee, Ochsner Clinic Foundation, dismissing appellant's claims against appellee with prejudice. For the reasons which follow, we affirm.

**FACTS and PROCEDURAL HISTORY**

On February 5, 2016, Dr. Blake Landry at Slidell Memorial Hospital performed a dilation and curettage procedure ("D&C") on appellant subsequent to a miscarriage. Appellant contended that she "woke up" during the procedure, tried to get up because she was not restrained, and that following the procedure her legs were so weak she could not dress herself without her mother's help. Appellant was subsequently discharged from the hospital. She asserted that she woke up in bed and found she could not roll over and that her legs were becoming paralyzed.

The next day, appellant returned to Slidell Memorial Hospital ER where she was admitted and treated by Dr. Alan Jose, Dr. Pallavi Bitwar, Dr. Joseph M. Epps, and Dr. Michael Puente. Despite her history and symptoms, appellant claimed that these health care providers failed to diagnose her condition of Cauda Equina Syndrome ("CES"). Appellant was transferred to Ochsner where she was treated by Dr. William M. White, underwent considerable testing, and was subsequently discharged without a diagnosis. On March 10, 2016, appellant was readmitted to the Ochsner ER and treated by Dr. Hannah S. Sneider, who diagnosed appellant with CES. Appellant is now confined to a wheelchair.

On February 6, 2017, pursuant to La. R.S. 40:1231.8, appellant filed a complaint with the Division of Administration ("DOA"), in which appellant made allegations against appellee and several other health-care providers. A medical review panel was established and subsequently rendered a unanimous opinion that appellee did not breach the applicable standard of care.

On November 25, 2019, appellant filed a petition for medical malpractice against appellee, alleging that appellee breached the standard of care by not diagnosing and treating appellant promptly and properly, thereby causing her injuries which are permanent. Appellee filed an answer denying the allegations.

On August 7, 2020, appellee filed a motion for summary judgment based on appellant's lack of expert testimony which is necessary to sustain her burden against appellee in this medical malpractice claim. In support of its motion, appellee submitted a copy of the medical review panel opinion, the petition for medical malpractice, appellee's interrogatories and requests for production of documents, and appellant's responses to interrogatories and requests for production of documents indicating that she has yet to retain an expert witness. Finding that adequate discovery had not been conducted, the trial court, in lieu of setting the motion for hearing, ordered the parties to appear for a telephone status conference on September 15, 2020, for the purpose of setting deadlines and allowing appellant additional time to conduct discovery.[1] The parties were subsequently ordered to attend a second telephone status conference in February 2021.[2]

On February 26, 2021, appellee filed a motion to reset its motion for summary judgment. The motion was set for hearing on April 19, 2021. Appellee requested service of the motion on appellant by the sheriff and also sent the signed order to appellant via certified mail. Appellant did not file an opposition to the motion.

On April 16, 2021, appellant fax-filed an *ex parte* motion for continuance. In the motion, appellant's counsel asserted two grounds for a continuance: (1) counsel argued that he had contracted COVID-19 and was unable to prepare and file a timely opposition to the motion for summary judgment; and (2) appellant retained an expert witness who was in the process of producing an expert report and affidavit and thus,

---

[1] The telephone status conference was subsequently reset for September 30, 2020.

[2] On January 19, 2021, appellee filed a motion and order to set status conference, which was set on February 25, 2021.

only sought a brief continuance to produce the same. In support of the motion for continuance, appellant attached the curriculum vitae of Dr. David Cory Adamson.

On April 19, 2021, the parties appeared before the trial court. After argument of counsel and the evidence presented, the trial court denied appellant's motion for continuance, granted appellee's motion for summary judgment as unopposed, and dismissed appellant's claim against appellee with prejudice.

Appellant filed the instant appeal.[3]

## DISCUSSION

On appeal, appellant contends that 1) the judgment is null and void because there was not proper service on appellant's counsel; 2) the trial court erred in denying appellant's motion to continue; and 3) the trial court erred in granting the motion for summary judgment as unopposed.

### Sufficiency of Service

Appellant raises for the first time on appeal that the judgment granting summary judgment in favor of appellee, dismissing appellant's claims against appellee with prejudice, is null and void because the motion was not properly served on appellant's counsel.[4]

A motion for summary judgment is a contradictory proceeding that requires service of process. La. C.C.P. arts. 1313 and 1314. However, the party contending insufficient service of process must file a declinatory exception and request a ruling on the exception prior to submitting to a hearing on the merits of the motion for

---

[3] U.R.C.A., Rule 2-11.4 provides:

> Appeals in all cases shall be submitted for decision without oral argument unless a written request for permission to orally argue is filed in the clerk's office by a party within thirty (30) days after the filing of the record in the court and permission is granted. Pursuant to this rule, the request for oral argument must be in the form of a motion or a letter. A request made within a party's brief will NOT suffice.

The record was lodged in this court on August 23, 2021, and notice was sent to all counsel. No timely request for oral argument was made by either party. Appellant's late brief, filed November 10, 2021, requested oral argument too late and without following the proper format.

[4] The record shows that appellee requested service of the motion for summary judgment by the sheriff to appellant's counsel at 601 Poydras Street, Suite 2345, New Orleans, LA 70130. The sheriff's return indicates that the motion was not served after three attempts. Appellees also sent the order setting the hearing via certified mail. The affidavit states that the order was sent to appellant's counsel at the 601 Poydras Street address. The attached documents show delivery of the order on appellant's counsel at 228 St. Charles Avenue, Suite 501, New Orleans, LA 70130 and indicates "Signature release on file."

summary judgment.  State v. Kee Food, Inc., 17-127 (La. App. 1 Cir. 09/21/17), 232 So.3d 29, 32, writ denied, 17-1780 (La. 12/05/17), 231 So.3d 632, *citing* Strickland v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College, 432 So.2d 964, 966 (La. App. 4 Cir. 1983).

A party who fails to file an exception of insufficient service of process and appears and argues the merits of a motion for summary judgment waives the right to object to improper service of process.  La. C.C.P. art. 925; Kee Food, Inc., 232 So.3d at 32; Armstead v. Roche, 19-948 (La. App. 4 Cir. 07/01/20), 302 So.3d 539, 543. While a declinatory exception is required to be in writing pursuant to La. C.C.P. art. 924, courts have acknowledged an exception of insufficient service of process if service is orally objected to at the hearing.  Id.  Generally, a question regarding sufficiency of service of process cannot be raised for the first time on appeal, but rather should be raised in a suit to annul the judgment.  Id.; La. C.C.P. arts. 925, 928, and 2002.  Grounds for nullifying a judgment include insufficient service of process and lack of due process.  Anderson v. Anderson, 20-186 (La. App. 5 Cir. 12/23/20), 309 So.3d 868, 873.  The justification for requiring a defendant to bring a separate suit to annul a judgment for insufficient service is to permit a hearing with the introduction of evidence to ascertain facts regarding whether defendant was properly served.  Id.; Tour Holdings, L.L.C. v. Larre, 18-503 (La. App. 1 Cir. 12/06/18), 267 So.3d 735, 737; Hughes v. Sanders, 36,968 (La. App. 2 Cir. 05/14/03), 847 So.2d 165, 167.

Here, appellant did not file a written objection to service of the motion for summary judgment, nor did appellant orally object to service of process at the hearing of the motion on the merits.  Instead, appellant appeared and argued via Zoom the motion for summary judgment.  Thus, since appellant did not file a declinatory exception or orally object to service of process prior to appearing and

arguing the motion for summary judgment, we find appellant waived the right to object to improper service of process.

**Denial of Continuance**

Appellant also contends that the trial court erred in denying her first motion for a continuance. Specifically, appellant contends that the motion for summary judgment was based on the lack of an expert witness, an expert has been retained, and appellant only sought a brief continuance to produce her expert's report and affidavit. Appellant's counsel also asserts that he was unable to timely file an opposition due to the disruption in his schedule as a result of contracting COVID-19. Appellant contends that appellee would not be prejudiced by a brief continuance, thus the trial court erred in denying her motion for continuance.

For good cause shown, the trial court may order a continuance of a motion for summary judgment hearing. La. C.C.P. art. 966 C(2). In considering good cause, the trial court may take into consideration such factors as diligence, good faith, reasonable grounds, fairness to both parties, and the need for the orderly administration of justice. Arceneaux v. Lafayette General Medical Center, 17-516 (La. App. 3 Cir. 07/26/17), 248 So.3d 342, 347.

A trial court's decision to hear a motion for summary judgment or to grant a continuance is reviewed for an abuse of discretion. Roadrunner Transp. Systems v. Brown, 17-40 (La. App. 4 Cir. 05/10/17), 219 So.3d 1265, 1272. Considering the facts of this case, we cannot say that the trial court abused its discretion in refusing to continue the hearing on appellee's motion for summary judgment.

Appellant's complaint was filed with the DOA on February 6, 2017. The decision of the medical review panel was unanimously in favor of appellee, and the alleged malpractice was not of the obvious type which would not need medical expert testimony. Appellant's counsel therefore knew or should have known at that time that it would be necessary to retain an expert to prove appellant's claim against

appellee. Yet, even after filing suit on February 25, 2019, after appellee's discovery requests pointed out a lack of medical expert to prove appellant's claim, after the motion for summary judgment was filed and not set to allow appellant an adequate period of discovery, after two telephone status conferences were scheduled to set deadlines and to allow appellant additional time for discovery including retaining an expert, after the motion was reset for hearing approximately eight months after it was first filed, appellant's counsel still failed to timely obtain a medical expert or produce medical evidence to support plaintiff's case. Despite sufficient time to obtain an expert witness, appellant did not provide any reason for failing to timely obtain an expert until immediately prior to the motion for summary judgment hearing. Appellant's failure to retain and timely produce competent summary judgment evidence does not amount to "good cause" and thus, the trial court did not abuse its discretion in denying appellant's motion to continue on this ground.

Additionally, while we are cognizant of the COVID-19 pandemic's impact, appellant's counsel asserted, without evidence, that he contracted COVID-19, was quarantined *and* unable to work for the month of February, resulting in a disruption of his schedule, and was unable to timely file an opposition. Even assuming this is true, counsel has been aware since the filing of appellant's claim with the DOA in 2017 that appellant will need to retain an expert witness to satisfy her burden at trial in this medical malpractice suit. Therefore, we find any impact to counsel's workload after allegedly contracting COVID-19 in February does not constitute "good cause."

Considering the facts of this case, we find appellant did not provide "good cause" for continuing the motion for summary judgment to provide a report and affidavit of an allegedly retained expert at some unknown future date. See Freeman v. Ochsner Clinic Foundation, 21-401 (La. App. 5 Cir. 02/23/22), — So.3d —, 2022WL533893; Arceneaux, 248 So.3d at 347-349; Sims v. Hawkins-Sheppard, 11-

678 (La. 07/01/11), 65 So.3d 154, 156-157; <u>Newsome v. Homer Memorial Medical Center</u>, 10-564 (La. 04/09/10), 32 So.3d 800; <u>Guillory v. Chapman</u>, 10-1370 (La. 09/24/10), 44 So.3d 272. Accordingly, we find the trial court did not abuse its discretion in denying appellant's motion for continuance.

**Motion for Summary Judgment**

Appellant contends that the trial court erred in granting appellee's motion for summary judgment as unopposed. Appellant asserts that the motion was not unopposed because a valid opposition existed and appellant only sought a brief extension of time to receive the report and affidavit from appellant's retained medical expert.

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. <u>O'Krepki v. O'Krepki</u>, 16-50, 16-51 (La. App. 5 Cir. 05/26/16), 193 So.3d 574, 577, <u>writ denied</u>, 16-1202 (La. 10/10/16), 207 So.3d 406. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). However, if the mover will not bear the burden of proof at trial on the issue before the trial court on the motion for summary judgment, the mover is not required to negate all essential elements of the plaintiff's claim, but is only required to point out the absence of factual support for one or more elements essential to the plaintiff's claim. <u>Id.</u> The burden then shifts to the plaintiff to produce factual support sufficient to show the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. <u>Id.</u> The decision as to the propriety of a judgment granting a motion for summary judgment must be made with reference to the substantive law applicable to the case. <u>Turner v. Bosley Medical Institute, Inc.</u>, 19-131 (La. App. 5 Cir.

10/16/19), 280 So.3d 326, 329; Muller v. Carrier Corp., 07-770 (La. App. 5 Cir. 04/15/08), 984 So.2d 883, 885.

In a medical malpractice action, such as the instant case, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794; Moss v. Stokes, 21-40 (La. App. 5 Cir. 10/20/21), 329 So.3d 1100, 1103, writ denied, 21-1740 (La 01/26/22), 332 So.3d 83. Because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain her burden of proving her claim without medical experts. Pfiffner v. Correa, M.D., 94-924 (La. 10/17/94), 643 So.2d 1228. Only in cases of obvious negligence, where the trier of fact does not need an expert to assess the standard of care, breach, and causation, is expert testimony unnecessary. Id. at 1233-1234.

In this case, we find the diagnosis and treatment of Cauda Equina Syndrome present complex medical issues which require the testimony of an expert to meet the requirements set forth in La. R.S. 9:2794. In the absence of such evidence, appellant cannot meet the burden of proof on her claim.

Appellee filed a motion for summary judgment, asserting that appellant failed to produce expert testimony to sustain her burden of proof under La. R.S. 9:2794. In support of its motion, appellee submitted a copy of the medical review panel opinion,[5] the petition for medical malpractice, appellee's interrogatories and requests for production of documents, and appellant's responses to interrogatories and requests for production of documents indicating that she has yet to retain an expert witness. Appellant did not file an opposition to the motion for summary

---

[5] Appellant argues she did not participate in the medical review panel process, and that the determination of the panel was reached solely on the evidence presented by appellee. Appellant offered no explanation as to why she did not participate in the medical review panel process.

judgment, nor did she object to any of the evidence submitted by appellee in support of the motion.

La. C.C.P. art. 966 A(4) provides the exclusive list of documents which may be considered by the trial or reviewing courts:

> A. (4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.

Thus, the introduction of documents which are not included in this exclusive list, such as photographs, pictures, video images, or contracts, is not permitted unless they are properly authenticated by an affidavit or the deposition to which they are attached. Dye v. Llog Exploration Company, LLC, 20-441 (La. App. 5 Cir. 11/03/21), 330 So.3d 1222, 1224.

La. C.C.P. arts. 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or authenticated by an affidavit or deposition, is not of sufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. Staten v. Glenwood Regional Medical Center, 53,220 (La. App. 2 Cir. 01/29/20), 290 So.3d 280, 287; Nettle v. Nettle, 15-1875 (La. App. 1 Cir. 09/16/16), 212 So.3d 1180, writ denied, 16-1846 (La. 12/16/16), 212 So.3d 1170.

Appellate courts, on *de novo* review, may only consider evidence admissible under the express provisions of La. C.C.P. art. 966 D(2), which states that at the hearing on a motion for summary judgment the court may consider only those documents filed in support of in or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Dye, 330 So.3d at 1225.

La. R.S. 40:1231.8 H,[6] however, provides an independent statutory basis for admission into evidence of a medical review panel opinion, which is distinct from La. C.C.P. art. 966 A(4) and D(2). The Louisiana Supreme Court has held that "by law, the report of the expert opinion reached by the medical review panel is admissible as evidence in any action subsequently brought by the claimant in a court of law" and that "[t]his undoubtedly includes a summary judgment proceeding in a medical malpractice lawsuit." Staten, 290 So.3d at 286, *citing* Samaha v. Rau, 07-1726 (La. 02/26/08), 977 So.2d 880, 891. It is well settled that a defendant-health care provider can use the medical review panel's favorable opinion to support a summary judgment motion. Jordan v. Cmty. Care Hosp., 19-39 (La. App. 4 Cir. 07/24/19), 276 So.3d 564, 576.

In this case, appellee satisfied its burden by pointing out absence of proof for an essential element of appellant's claim, specifically a lack of expert medical evidence as shown in appellant's response to discovery indicating she had not retained an expert medical witness. See Turner, 280 So.3d at 330.

Appellee also pointed out that the medical review panel unanimously found that appellee did not breach the applicable standard of care. Upon review, we find the medical review panel opinion is not certified and/or sworn to in affidavit form, nor properly attached to a deposition. La. C.C.P. art. 966 A(4). In this case, however, appellee had no burden to prove that it did not breach the applicable standard of care. Therefore, the uncertified and/or unsworn copy of the medical review panel opinion showing that appellee complied with the applicable standard of care and did not breach the same was used solely to point out an absence of factual support for appellant's claim pursuant to La. R.S. 9:2794. See Staten, *supra*; Jordan,

---

[6] La. R.S. 40:1231.8 H provides:

Any report of the expert opinion reached by the medical review panel **shall be admissible as evidence in any action subsequently brought by the claimant in a court of law**, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. [Emphasis added.]

*supra*. Because appellee will not bear the burden of proof at trial on the issue of whether it committed medical malpractice, appellee was under no burden to present medical testimony. See Samaha, 977 So.2d at 887-888; Bryde v. Lakeview Regional Medical Center, LLC, 19-166 (La. App. 5 Cir. 12/11/19), 284 So.3d 686. Accordingly, upon *de novo* review, we find appellee satisfied its initial burden by filing a motion for summary judgment with supporting evidence that appellant could not support her claim because she lacked expert medical testimony.

The burden then shifted to appellant to produce evidence sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial. Appellant failed to file an opposition and failed to produce any competent summary judgment evidence, including expert testimony, to satisfy her burden.[7] Appellant only argued, without evidence or an affidavit, that she retained an expert who was in the process of producing a report and affidavit. The record also shows that appellant did not provide competent summary judgment evidence indicating how Dr. Adamson is qualified or has the requisite knowledge or expertise regarding the diagnosis and/or treatment of CES, which may aid the court in its determination of whether appellee complied with or breached the applicable standard of care. A plaintiff cannot create an issue of fact simply by naming an expert witness's name in a brief and alleging that a report and affidavit will be submitted at an unknown future date, without submitting an affidavit or other competent summary judgment evidence. See Jordan, 276 So.3d at 581; Reinke v. Kordisch, 13-1093 (La. App. 3 Cir. 03/05/14), 134 So.3d 176, 182; Gorbach v. Tulane Univ. Med. Ctr, 11-1575 (La. App. 4 Cir. 04/11/12), 89 So.3d 429; Robles v. ExxonMobile, 02-854 (La. App. 1 Cir. 03/28/03), 844 So.2d 339, 342.

---

[7] Appellant attached the *curriculum vitae* ("CV") of Dr. Adamson to the motion to continue. The CV was not offered as evidence in a properly filed opposition to the motion for summary judgment and was objected to by appellant on the basis that it is not proper summary judgment evidence. The trial court did not rule on the admissibility of the document. The CV was not sworn to or attested to in any way by Dr. Adamson and therefore, does not meet the requirements of La. C.C.P. arts. 966 & 967. See Staten, 290 So.3d at 287. Accordingly, the CV is not considered admissible summary judgment evidence for the purpose of this motion.

Because appellant failed to file an opposition, failed to produce expert medical testimony that appellee breached the applicable standard of care, and was unable to provide any expert medical evidence to satisfy the requirements of La. R.S. 9:2794, under the provisions of La. C.C.P. art. 966 D(1) no genuine issues of material fact exist and appellee is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment was properly granted as unopposed.

**DECREE**

Accordingly, we affirm the judgment of the trial court granting summary judgment in favor of appellee, dismissing appellant's claims with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 3, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-589**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
RICHARD H. BARKER, IV (APPELLANT)          DON S. MCKINNEY (APPELLEE)

### MAILED
ERICA P. SENSENBRENNER (APPELLEE)
ATTORNEY AT LAW
701 POYDRAS STREET
SUITE 4500
NEW ORLEANS, LA 70139