CRICHTON, J.,
additionally concurs and assigns reasons:
Jjl agree that the district court abused its discretion and that a remand is warranted — ordering the district court to hear the motion for summary judgment without consideration of the untimely affidavit.
I write separately to spotlight my concern that district courts are improperly applying La. C.C.P. art. 966(B)(2) and ignoring La. D.Ct. R. 9.9(c). See Newsome v. Homer Memorial Medical Center, 10-0564 (La. 4/9/10), 32 So.3d 800 (holding that the district court abused its discretion in granting the plaintiffs untimely motion for continuance in order to file an expert affidavit in support of its opposition); see also Guillory v. Chapman, 10-1370 (La. *371 9/24/10), 44 So.3d 272 (holding that the court of appeal erred in ruling that the district court abused its discretion in excluding an opposing affidavit to a motion for summary judgment). Before a district court can consider an untimely affidavit, a party must show “good cause under La. C.C.P. art. 966(B) why she should have been given additional time to file an opposing affidavit.” See Sims. v. Hawkins-Sheppard, 11-0678, p. 4 (La. 7/1/11), 65 So.3d 154, 157 (internal quotations removed).
This case adds to my concern. Despite the district court’s grant of a nearly three-month continuance on the hearing on the defendant’s motion for summary judgment, the plaintiff waited until two days prior to the hearing to file an | opposing affidavit. Doing so was impermissible under La. C.C.P. art. 966(B)(2). Buggage v. Volks Constructors, 2006-0175 (La. 5/5/06), 928 So.2d 536, 536 (“The time limitation established by La. C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court.”). Under these circumstances, the district court abused its discretion.