Judge Dennis R. Bagneris, Sr., Pro Tempore
Plaintiff/appellant, Tanya Madere ("Madere"), appeals the district court's May 25, 2017 ruling that granted summary judgment in favor of Louise Gautreaux Collins, M.D. ("Dr. Collins") and dismissed Madere's claims with prejudice. For the reasons that follow, we affirm the district court's judgment.
FACTS AND PROCEDURAL HISTORY
This medical malpractice case arises from a gynecological surgical procedure. Madere alleges that as a result of Dr. Collins' negligence, she suffered from kidney complications, additional surgeries, and treatment. Madere timely requested review from a medical review panel, which rendered an opinion favorable to Dr. Collins. Madere then filed a petition for damages in the district court.[1]
*1145 On March 23, 2016, Dr. Collins filed a motion for summary judgment, seeking dismissal of Madere's lawsuit on the basis that Madere had produced no expert testimony to support her claim that Dr. Collins breached the applicable medical standard of care or that a breach of the standard of care caused Madere's injuries. See Samaha v. Rau , 07-1726, pp. 5-6 (La. 2/26/08), 977 So.2d 880, 884 ; Schultz v. Guoth , 10-0343, p. 12 (La. 1/19/11), 57 So.3d 1002, 1009 (discussing the general principle that expert testimony is required to establish the applicable medical standard of care, breach of the standard of care, and causation, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony). In support of her motion for summary judgment, Dr. Collins introduced as evidence Madere's petition for medical malpractice review and the medical review panel opinion favorable to Dr. Collins.
On May 12, 2016, Madere filed an opposition to summary judgment arguing that she retained an expert, Dr. Lawrence Thomas Kim, and needed time to conduct discovery. The district court continued the summary judgment hearing until August 5, 2016, to allow Madere additional time for expert discovery.
On August 3, 2016, two days before the new hearing date of August 5, 2016, Madere filed a supplemental opposition memorandum attaching the affidavit of another physician, Dr. Alexander F. Burnett. The opposition and affidavit were untimely under La. Code Civ. P. art. 966(B)(2), which requires that an opposition be filed no later than fifteen (15) days before the summary judgment hearing. The affidavit submitted was also that of Dr. Burnett, a physician different from the expert whom Madere previously had identified-Dr. Kim. Dr. Burnett attested in his affidavit to his opinion that Dr. Collins' medical treatment more probably than not fell below the applicable medical standard of care, and further stated that he would supplement his affidavit in the future with an expert report providing an explanation of his opinion.
At the August 5, 2016 summary judgment hearing, the district court admitted into evidence the untimely expert affidavit over Dr. Collins' in-court objection and denied Dr. Collins' motion for summary judgment. Dr. Collins filed a writ application with this Court, which was denied. Madere v. Collins , 16-0896 (La. App. 4 Cir. 10/14/16) (unpub.). Dr. Collins then filed a writ application with the Louisiana Supreme Court. The Supreme Court granted the writ and decreed as follows: "Granted. The district court abused its discretion." Madere v. Collins , 16-2011 (La. 1/9/17), 208 So.3d 370.[2] The majority's ruling did not contain additional instructions, but in a concurring opinion, Justice Crichton wrote:
I agree that the district court abused its discretion and a remand is warranted-ordering the district court to
hear the motion for summary judgment without consideration of the untimely affidavit.
I write separately to spotlight my concern that district courts are improperly applying La. C.C.P. art. 966(B)(2) and ignoring La. D.Ct. R. 9.9(c). See Newsome v. Homer Memorial Medical Center , 10-0564 (La. 4/9/10), 32 So.3d 800 [ ]; see also Guillory v. Chapman , 10-1370 (La. 9/24/10), 44 So.3d 272 ) [ . Before a district court can consider an untimely *1146 affidavit, a party must show "good cause under La. C.C.P. art. 966(B) why she should have been given additional time to file an opposing affidavit." See Sims v. Hawkins-Sheppard , 11-0678, p. 4 (La. 7/1/11), 65 So.3d 154, 157 (internal quotations removed).
This case adds to my concern. Despite the district court's grant of a nearly three-month continuance on the hearing on the defendant's motion for summary judgment, the plaintiff waited until two days prior to the hearing to file an opposing affidavit. Doing so was impermissible under La. C.C.P. art. 966(B)(2). Buggage v. Volks Constructors , 2006-0175 (La. 5/5/06), 928 So.2d 536, 536 ("The time limitation established by La. C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court."). Under these circumstances, the district court abused its discretion.
Madere , 16-2011, pp. 1-2, 208 So.3d 370, 370-71.
On January 18, 2017, Dr. Collins filed a "motion for rehearing and/or new trial" on the motion for summary judgment. Attached to the motion was the Supreme Court's January 9, 2017 ruling. Dr. Collins argued that the district court should consider the evidence before it at the original summary judgment hearing, excluding the affidavit of Dr. Burnett. On March 9, 2017, Madere filed an opposition memorandum, attaching as exhibits Dr. Burnett's affidavit as well as Dr. Burnett's expert report, which was not previously in evidence in opposition to summary judgment. Madere contended that Dr. Collins' motion for rehearing and/or new trial was procedurally improper, and that in order to obtain reconsideration of summary judgment, Dr. Collins was required to re-file her motion for summary judgment with all exhibits. Madere also argued that Dr. Burnett's affidavit and report demonstrated disputed factual issues for trial.
On March 13, 2017, Dr. Collins filed a reply memorandum, urging the district court to construe her "motion for rehearing and/or new trial" as a "motion for summary judgment." On March 15, 2017, Madere filed a sur-reply memorandum, objecting to Dr. Collins' request for her motion to be treated as a renewed motion for summary judgment.
On April 10, 2017, the district court issued an Order continuing the previously scheduled hearing to May 12, 2017 and indicating that the district court would consider Dr. Collins' motion as a "motion for rehearing on the motion for summary judgment, following remand from the Louisiana Supreme Court" rather than a "motion for new trial." Subsequently, on April 19, 2017, Dr. Collins filed a response to Madere's sur-reply memorandum, to which Dr. Collins attached as exhibits the medical review panel opinion and the transcript of the original summary judgment hearing.
After the May 12, 2017 hearing, the district court granted summary judgment in favor of Dr. Collins. This appeal followed.
On appeal, Madere sets forth three assignments of error, as follows:
(1) The District Court erred when it granted Dr. Collins' "Motion for Rehearing on the Motion for Summary Judgment."
(2) The District Court erred when it granted Dr. Collins' "Motion for Rehearing on the Motion for Summary Judgment" when Ms. Madere submitted the expert report of her expert physician, Dr. Burnett, in opposition to the Motion, which was admitted into evidence without objection, *1147 creating a genuine issue of material fact.
(3) The District Court erred when it ruled it would consider Dr. Collins' "Motion for Rehearing and/or New Trial" as a "Motion for Rehearing on the Motion for Summary Judgment."
DISCUSSION
Appellate courts review a grant of a motion for summary judgment de novo using the same criteria district courts consider when determining if summary judgment is proper. Kennedy v. Sheriff of E. Baton Rouge , 05-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686.
Summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of a case. La. Code Civ. P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. Code Civ. P. art. 966(A)(3). The burden of proof remains with the mover, but if the mover does not bear the burden of proof at trial on the issue before the court in the motion for summary judgment, the mover is not required to "negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. Code Civ. P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 3
Madere argues that it was error for the trial court to effectively grant Dr. Collins' motion for rehearing and reconsider Dr. Collins' previously filed motion for summary judgment. She contends that Dr. Collins was required to re-file her entire motion for summary judgment with all exhibits in support, and argues that filing a "Motion for Rehearing and/or New Trial" is procedurally improper.
Plaintiff cites Magallanes v. Norfolk So. RR Co. , 09-0605 (La. App. 4 Cir. 10/14/09), 23 So.3d 985, and Daniels v. SMG Crystal, LLC , 13-0761 (La. App. 4 Cir. 12/4/13), 128 So.3d 1272, but we do not find that Magallanes and Daniels control here. In those cases, the trial court initially denied a motion for summary judgment. The mover did not seek a supervisory writ from this Court or from the Louisiana Supreme Court as to the denial of summary judgment. Instead, mover filed a motion for rehearing and/or new trial in the district court. A hearing on the motion for rehearing and/or new trial was set, at which the district court both granted the rehearing and granted summary judgment. Magallanes , 09-0605, p. 3, 23 So.3d at 987 ; Daniels , 13-0761, p. 11, 128 So.3d at 1277-78.
We agree that a mover generally is not permitted to seek rehearing of a motion for summary judgment but instead is required to re-urge the motion by filing a new motion for summary judgment with all attachments. In the unique circumstances presented by the instant case, however, we disagree with plaintiff that Magallanes and Daniels control. In both of those cases, no reviewing court had determined that the trial court abused its discretion by considering evidence not timely submitted under La. Code Civ. P. art. 966. Magallanes and Daniels are *1148 therefore distinguishable from the present facts.
On April 10, 2017, the trial judge in this case re-set the hearing date in an Order clearly notifying the parties that he would consider Dr. Collins' motion "as a Motion for Rehearing on the Motion for Summary Judgment, following remand from the Louisiana Supreme Court, and not on the Motion for New Trial [.]" The parties were put on notice as to the purpose of the hearing and were aware that the motion for summary judgment would be considered in conjunction with the Supreme Court's writ grant. Here, Dr. Collins' "Motion for Rehearing and/or New Trial" is akin to a motion to set the motion for summary judgment hearing due to the Supreme Court writ grant. The trial Court's April 10, 2017 Order indicates as much when it suggests that the hearing is "following remand" and "not on the Motion for New Trial."
We find no merit to Madere's argument that because the Supreme Court's writ grant does not specifically reverse or vacate the district court's ruling denying Dr. Collins' motion for summary judgment, and the ruling does not grant summary judgment or provide any remand instructions, Dr. Collins' only recourse was to file a brand new motion for summary judgment with the necessary attachments.
The Louisiana Supreme Court granted a writ in favor of Dr. Collins because the district court abused its discretion in admitting for consideration an expert report that plaintiff did not timely submit under La. Code Civ. P. art. 966 and District Court Rule 9.9. See Sims v. Hawkins-Sheppard , 11-0678 (La. 7/1/11), 65 So.3d 154 (finding no abuse of discretion where the district court refused to grant plaintiff a continuance to find new counsel and a medical expert, and affirming summary judgment); Guillory v. Chapman , 10-1370 (La. 9/24/10), 44 So.3d 272 (reversing court of appeal and reinstating the district court's judgment, where district court correctly refused to consider a late-filed expert affidavit); Newsome v. Homer Memorial Med. Ctr. , 10-0564 (La. 4/9/10), 32 So.3d 800 (holding that it was error for the district court to continue a hearing solely to allow plaintiff to comply with the eight-day limit for filing an opposition to summary judgment under La. Code Civ. P. art. 966 ).
The fact that the Supreme Court's majority ruling did not include additional language does not mean that the Supreme Court intended Dr. Collins to file a new motion for summary judgment. If that had been the Court's intended result, it simply could have denied the writ. Dr. Collins would be free to re-urge a motion for summary judgment prior to trial under La. Code Civ. P. art. 966.[3]
Moreover, if Dr. Collins were required to file a new summary judgment motion, Ms. Madere would get a second bite at the apple-an opportunity to submit the expert affidavit and report of Dr. Burnett that the Supreme Court has agreed should not have been admitted or considered due to its untimeliness. See Sims , Guillory , and Newsome , discussed supra.
The language in the first paragraph of Justice Crichton's concurrence confirms our analysis. Justice Crichton states: "I agree that the district court abused its discretion and a remand is warranted-ordering the district court to hear the motion for summary judgment without consideration of the untimely affidavit."
*1149 (Emphasis added). These initial remarks suggest that remand for consideration of the summary judgment motion, without the admission of untimely expert evidence, is the result that the Supreme Court majority reached as well, even if the majority's statement did not include language to that effect. Justice Crichton's second paragraph further explains why he wrote separately: to highlight the fact that the language in La. Code Civ. P. art. 966 requiring the submission of affidavits and other evidence supporting or opposing summary judgment must be filed timely. Justice Crichton's concurrence, when read in its entirety, does not imply that there was any disagreement between the majority and Justice Crichton's conclusion-that remand was warranted for consideration of the motion without the benefit of evidence not submitted timely under La. Code Civ. P. art. 966. Again, if the Supreme Court had intended Dr. Collins to begin summary judgment proceedings anew, it could have denied the writ.
Finding that Dr. Collins was not required, in these unique circumstances, to file a new motion for summary judgment, we next consider whether the trial court erred in granting the motion for summary judgment at the May 12, 2017 hearing.
ASSIGNMENT OF ERROR NUMBER 2
To succeed in a medical malpractice action, the plaintiff has the burden of proving the standard of care to which the defendant must adhere by showing "[t]he degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... actively practicing in a similar community or locale and under similar circumstances[.]" La. R.S. 9:2794(A)(1). The plaintiff must further establish that "the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill." La. R.S. 9:2794(A)(2). Finally, plaintiff must show that "as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care," she suffered injuries that would not have otherwise been incurred. La. R.S. 9:2794(A)(3). See also Samaha , 07-1726, pp. 5-6, 977 So.2d at 884 ; Williams v. Mem'l Med. Ctr. , 03-1806, pp. 15-16 (La. App. 4 Cir. 3/17/04), 870 So.2d 1044, 1054.
The claims asserted against Dr. Collins in this case involve an initial surgical procedure performed by Dr. Collins and a subsequent procedure performed by Dr. Ryan Krlin. Madere alleges that during the procedure performed by Dr. Collins, Dr. Collins "stitched the plaintiff's ureter closed causing her left kidney to shut down." This required a second surgical procedure, a ureteroneocystostomy, performed by Dr. Krlin to re-implant the ureter into a new site in the bladder, as well as additional medical procedures and renal ultrasounds every three months. Madere alleges that she suffered additional scarring and medical expense due to the need for further extensive medical treatment.
The negligence that plaintiff has alleged emanates from complex surgical and medical actions. The alleged acts of negligence are not so obvious that malpractice could be inferred merely from the facts presented. Pfiffner v. Correa , 94-0992, p. 10 (La. 10/17/94), 643 So.2d 1228, 1234 ; Samaha , 07-1726, pp. 5-6, 977 So.2d at 884 ; Schultz v. Guoth , 10-0343, p. 12, 57 So.3d at 1009. These allegations require expert evidence of the applicable standard of care and expert testimony regarding negligence and causation. "[T]his requirement of producing expert medical testimony is especially apt when the defendants have filed summary judgment motions and supported such motions with expert opinion evidence that their treatment met the applicable standard of care."
*1150 Williams , 03-1806, pp. 16-17, 870 So.2d at 1054. Unlike a claim where a physician leaves a sponge in a patient's body or amputates the wrong limb, a layperson cannot infer negligence from these complex facts without the assistance of expert testimony. Pfiffner , 94-0992, p. 10, 643 So.2d at 1234.
Dr. Collins' motion for summary judgment included the Medical Review Panel Opinion finding that the evidence presented to the Panel did not support a conclusion that Dr. Collins had failed to meet the applicable standard of care. More specifically, the medical review's unanimous report determined:
1) The patient was consented properly and had a known potential complication that was listed in the consent form.
2) As soon as the complication was recognized the patient received appropriate care and consultations.
3) Following the complication, the patient had good repair with good renal function.
Medical Review Panel opinions are admissible evidence under La. R.S. 40:1231.8 (H) ; Samaha , 07-1726, p. 15, 977 So.2d at 890 ; McGlothlin v. Christus St. Patrick Hosp. , 10-2775, p. 9 (La. 7/1/11), 65 So.3d 1218, 1226-27. "Nevertheless, as with any expert testimony or evidence, the medical review panel opinion is subject to review and contestation by an opposing viewpoint." McGlothlin , 10-2775, p. 9, 65 So.3d at 1227 (citing Samaha , 07-1726, p. 15 (La. 2/26/08), 977 So.2d 880, 890 ).
Madere contends it was error for the district court to refuse to consider the expert report of Dr. Burnett, which Madere claims "was admitted into evidence without objection, creating a genuine issue of material fact." This contention ignores the salient basis for the Louisiana Supreme Court's writ grant in this case and attempts to do what the Supreme Court has said cannot be done. It also ignores the substance of the district court's April 10, 2017 Order, indicating that the court would consider Dr. Collins' motion as a "motion for rehearing on the motion for summary judgment, following remand from the Louisiana Supreme Court"-an Order from which Madere did not seek supervisory review.
Despite being granted a three-month continuance after Dr. Collins had submitted her motion for summary judgment in March 2016, plaintiff did not timely submit expert testimony sufficient to refute the opinion of the medical review panel or to prove that she could meet her burden of proof at trial. Madere submitted an affidavit from Dr. Burnett-promising a subsequent report-only two days before the second scheduled summary judgment hearing in August 2016. Dr. Burnett's report, which Madere offered for the first time in opposition to Dr. Collins' motion for rehearing filed after the Supreme Court's writ grant, was likewise submitted too late.
The trial court did not err in addressing Dr. Collins' prior motion for summary judgment and refusing to consider Dr. Burnett's expert report offered for the first time in March 2017. The trial court notified the parties more than a month before the May 12, 2017 hearing that it would treat Dr. Collins' motion for rehearing as a re-urged motion for summary judgment in conjunction with the Supreme Court writ grant. Madere was not entitled to offer additional evidence from Dr. Burnett, and Dr. Collins was not required to file a new motion for summary judgment in light of the Supreme Court writ grant.
After conducting a de novo review and considering the summary judgment evidence properly before the Court, we agree with the trial court that plaintiff cannot meet her burden of proof at trial. We therefore affirm the trial court's ruling *1151 granting summary judgment in favor of Dr. Collins and dismissing Tanya Madere's claims against Dr. Collins with prejudice.
AFFIRMED
LOBRANO J., DISSENTS AND ASSIGNS REASONS
LOBRANO, J., DISSENTS AND ASSIGNS REASONS.
I respectfully dissent. I would reverse the district court's May 25, 2017 judgment, which granted summary judgment in favor of Dr. Collins and dismissed Madere's claims with prejudice, and I would remand this matter for further proceedings. I disagree with the majority's conclusion that, under the particular circumstances of this case, Dr. Collins was alleviated from the procedural requirement to file a re-urged motion for summary judgment with all supporting exhibits.
On August 16, 2016, the district court allowed introduction of Dr. Burnett's expert affidavit and denied summary judgment. Following this Court's denial of supervisory writ, Dr. Collins sought, and the Louisiana Supreme Court granted, Dr. Collins' writ application. In its January 9, 2017 writ grant, the Supreme Court ruled as follows: "Granted. The district court abused its discretion." Madere v. Collins , 2016-2011 (La. 1/9/17), 208 So.3d 370. Neither remand instructions, relief granted language, nor further reasons were provided by the Supreme Court.
The majority opinion of this Court points to and seemingly adopts language in a concurring opinion by Justice Scott J. Crichton, stating that "a remand is warranted-ordering the district court to hear the motion for summary judgment without consideration of the untimely affidavit." The Supreme Court majority's ruling, however, contained no directive to the district court. There is no language setting aside or otherwise disturbing the district court's denial of summary judgment. Thus, I find that, at the time Dr. Collins filed her "motion for rehearing and/or new trial," the district court's ruling denying summary judgment remained intact.
This Court has held that a district court "erred as a matter of law when it reconsidered its previous denial of summary judgment through the procedural vehicle of a motion for new trial and then rendered a final summary judgment dismissing [the] suit with prejudice." Magallanes v. Norfolk S. Ry. Co. , 2009-0605, p. 5 (La. App. 4 Cir. 10/14/09), 23 So.3d 985, 988-89. Instead, the "proper procedure for obtaining a reconsideration of the motion for summary judgment which has been denied is to re-urge the motion itself by re-filing it prior to trial." Id. , 2009-0605 at p. 4, 23 So.3d at 988 (citations omitted).
I recognize the distinction noted by the majority between the procedural posture of this case when compared to Magallanes and its progeny.[1] In the Magallanes line of cases, the district court reconsidered its own rulings in the absence of properly filed and supported motions for summary judgment, with no intervening supervisory or appellate review. In the case presently on appeal, the district court sought to comply with what it perceived to be a decree from the Supreme Court. I find, however, that while the Supreme Court pointed out the district court's error and found an abuse of discretion in considering an untimely affidavit, the Supreme Court did not disturb the denial of summary judgment in its ruling. Thus, where summary judgment has been denied, I find the Magallanes line of cases instructive as to the proper procedure to re-urge a motion for summary judgment.
*1152 La. C.C.P. art. 966(D)(2) provides that "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." Comment (k) of the 2015 comments to La. C.C.P. art. 966 explains that "[s]ubparagraph (D)(2) makes clear that the court can consider only those documents filed in support of or in opposition to the motion. This rule differs from Federal Rules of Civil Procedure, Rule 56(c)(3), which allows the court to consider other materials in the record." See also Washington v. Gallo Mech. Contractors, LLC , 2016-1251, p. 6 (La. App. 4 Cir. 5/17/17), 221 So.3d 116, 121 ("unlike its federal counterpart, Article 966 D(2) does not allow the trial court to consider the record as a whole in deciding a motion for summary judgment").
Thus, La. C.C.P. art. 966(D)(2) only permits the district court to consider those documents filed in support of or in opposition to the particular summary judgment motion before the district court. This article does not authorize the district court to consider other materials found elsewhere in the record in support of a motion for summary judgment.
Here, after the Supreme Court rendered its ruling, the district court reconsidered Dr. Collins' original motion for summary judgment, with the evidence originally introduced in support of that motion, while excluding the untimely affidavit of Dr. Burnett. Dr. Collins, however, did not re-file her original motion for summary judgment with the evidence she originally introduced in support of her motion. It is evident from the record that, in revisiting Dr. Collins' original motion for summary judgment, the district court failed to consider and rule on the particular motion and evidence before it-Dr. Collins' motion for rehearing and/or new trial. Under these circumstances, I find the district court erred as a matter of law in granting summary judgment and dismissing Madere's claims against Dr. Collins with prejudice.
I also find that the issue as to whether Dr. Burnett's affidavit can be admitted into evidence to oppose a motion for summary judgment filed by Dr. Collins is now moot because of the unique procedural posture of this case and Dr. Collins' procedural decisions.[2] The abuse of discretion stemming from the district court's August 16, 2016 evidentiary ruling cannot be cured at this time due to the manner in which Dr. Collins decided to procedurally pursue her case after the district court's August 16, 2016 evidentiary ruling admitting an untimely affidavit and after the Supreme Court's January 9, 2017 writ grant. The Supreme Court's January 9, 2017 ruling, either interpreted pursuant to the majority opinion in this case as a writ granted/relief granted or pursuant to my dissent as a writ granted/relief denied, cannot give any practical relief at this stage of the case.
I would therefore reverse the district court's judgment granting summary judgment in favor of Dr. Collins, and remand the case for further proceedings.

The only other defendant in this litigation was Ochsner Medical Center-Kenner, L.L.C., the hospital where the surgery performed by Dr. Collins took place. Ochsner Medical Center-Kenner, L.L.C. was dismissed without prejudice from the lawsuit before this appeal.

The Supreme Court's published ruling says only "Writ granted." But the slip sheet attached to Dr. Collins' Motion reads: "Granted. The district court abused its discretion."

The record on appeal does not contain a Scheduling Order to indicate that the time for submitting another motion for summary judgment had passed under La. Code Civ. P. art. 966 (B)(1), which requires summary judgment motions to be filed and served on all parties no fewer than sixty-five days prior to trial.

See, e.g., Daniels v. SMG Crystal, LLC , 2013-0761 (La. App. 4 Cir. 12/4/13), 128 So.3d 1272 ; Condon v. Logan , 2015-0797 (La. App. 4 Cir. 3/30/16), 190 So.3d 778.

See Cat's Meow, Inc. v. City of New Orleans Through Department of Finance , 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193 ("An issue is moot when a judgment or decree on that issue has been deprived of practical significance or made abstract or purely academic.")