DAVID G. MILLAUD       *       NO. 2019-CA-1047

VERSUS       *

ELLEN A. MOORE       *       COURT OF APPEAL

      FOURTH CIRCUIT

      *       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-01391, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge
Tiffany G. Chase)

Douglas R. Kraus
Chelsea B. Cusimano
BRENER & KRAUS, LLC
3640 Magazine Street
New Orleans, LA 70115
      COUNSEL FOR PLAINTIFF/APPELLANT

Eric Oliver Person
1539 Jackson Avenue, Suite 100
New Orleans, LA 70130
      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**APRIL 29, 2020**

David G. Millaud appeals a summary judgment granted in favor of Ellen A. Moore, arguing that a genuine issue of material fact exists as to the ownership of property. For the reasons that follow, we affirm.

**BACKGROUND:**

David G. Millaud claims ownership of a piece of property he allegedly purchased on or about July 19, 2001, at 3670 Gentilly Boulevard, which he says includes Lot 24A. After Ellen Moore cut down trees on Lot 24A, Mr. Millaud filed a Petition for Possession of Immovable Property, Injunctive Relief, and Damages on February 11, 2016. The trial court initially granted Mr. Millaud a preliminary injunction on March 23, 2016, enjoining Ms. Moore from engaging in any acts of possession, destruction, or purported ownership of Lot 24A, and Lots 25, 26, 27 and 28 of Block "B", Boulevard Heights Subdivision, on Gentilly Boulevard.

On March 28, 2019, Ms. Moore filed a Motion for Summary Judgment, arguing that no genuine issue of material fact exists as to the ownership of Lot

1

24A. The evidence submitted in support of the motion included proof that Mr. Millaud purchased Lots 28, 27, 26 and a part of Lot 25, but not Lot 24A. Ms. Moore offered a Tax Sale Deed, dated December 17, 2007, proving that she had purchased Lot 24A for unpaid taxes in 2005 by the record owner of Lot 24A, Rudolph R. Schoemann, III. Additionally, Ms. Moore offered proof that she was adjudged the owner of Lot 24A on February 11, 2015, pursuant to a Petition to Quiet Title.

Mr. Millaud argues that when he purchased the property at 3670 Gentilly Boulevard, the property advertised included a house and contiguous lots, including Lots 28, 27, 26, 25 and 24A. He argues that all of this property was included in the real estate listing. Further, his lender appraised the property, including Lot 24A, and loaned him money based on that appraisal. He claims that he has possessed the entirety of the property in good faith, quietly and without disturbance, for the last fourteen years.

Mr. Millaud further argues that the judgment rendered quieting title to Lot 24A, rendered in favor of Ms. Moore, is a total nullity as neither the record owner of Lot 24A nor he received notice of the tax sale or the Petition to Quiet Title. Therefore, he argues that there exists a disputed material fact as to the validity of the underlying tax sale.

The trial court granted summary judgment in favor of Ms. Moore on August 2, 2019, dismissing all of Mr. Millaud's claims. In written reasons for judgment, the trial court stated that Mr. Millaud was mistaken in his belief that he owned Lot

2

24A as there was no proof that he had indeed purchased Lot 24A. Further, it found that Mr. Millaud was not a possessor in good faith of the property, as he did not have good title to the property, citing La. Civ. Code art. 487.

This appeal follows.

**DISCUSSION:**

Appellate review of the grant of a summary judgment is *de novo*, using the same criteria district courts consider when determining if summary judgment is proper. *Burgess v. Shi Gang Zheng,* 17-0665, p. 6 (La.App. 4 Cir. 10/10/18), 257 So.3d 764, 769, citing *Madere v. Collins*, 17-0723, p. 6 (La.App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147. In that regard, we look to determine whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 955 A(3). Ms. Moore, as the mover, bore the burden of proof, but was not required to "negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.C.C.P. art. 966 D(1). Mr. Millaud, as the adverse party to the motion, bore the burden "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

3

In his first assignment of error, Mr. Millaud argues that the trial court erred in finding no genuine issue of material fact existed regarding his possessory status of Lot 24A.

The core of this dispute is ownership of Lot 24A. La.C.C.P. art. 481 provides that "[o]wnership and the possession of a thing are distinct." Further,

> [o]wnership exists independently of any exercise of it and may not be lost by nonuse. Ownership is lost when acquisitive prescription accrues in favor of an adverse possessor."

*Id.*

First, Mr. Millaud argues that no facts changed between the time the trial court issued the preliminary injunction and the hearing on the motion for summary judgment. This argument is of no merit. It is clear that the trial court issued the preliminary injunction based upon the evidence presented by Mr. Millaud with regard to the preliminary injunction, and issued the injunction to protect the status quo until such time as ownership could be determined. This has no bearing on the facts considered for summary judgment.

Mr. Millaud next argues that he exercised good faith possession of Lot 24A since the date of the sale, fourteen years earlier. Mr. Millaud argues that he "reasonably believed" he owned Lot 24A, and claims that he possessed it by virtue of cutting the grass and placing a fence around it.

To be a possessor in good faith, a person must possess "by virtue of an act translative of ownership and does not know of any defects in his ownership." La.C.C.P. art. 487. In this case, according to the evidence presented, Mr. Millaud never owned Lot 24A. The property transferred to him in the cash sale in 2001 did

not include Lot 24A. Thus, the fact that he cut the grass and maintained a fence on Lot 24A does not make him a possessor in good faith.[1]

Ms. Moore claims ownership of Lot 24A, and submitted into evidence a Tax Sale Deed executed on December 17, 2007, indicating that the property located at "BLVD HGTS SQ B LOT 24A GENTILLY BLVD 50X160" was sold to Ms. Moore. The deed also reflects that the taxes were assessed against Rudolph R. Schoemann, III, and that notice of the delinquency was mailed by certified mail to Rudolph Schoemann, III and other interested parties, at 540 Emerald Street in New Orleans.

Additionally, Ms. Moore submitted a judgment signed on February 11, 2015, quieting title to Lot 24A. She also submitted a copy of the Cash Sale of 3670 Gentilly Boulevard from Schoemann & Associates, APLC and Rudolph R. Schoemann, III (both at the mailing address of 540 Emerald St., New Orleans), selling the buildings and improvements thereon, including Lots 28, 27, 26 and a part of Lot 25, to David G. Millaud on July 19, 2001.

The evidence submitted by Ms. Moore satisfies her burden of proving ownership of Lot 24A. Mr. Millaud's arguments, unsupported by evidence, do not suffice to negate Ms. Moore's claims.

In his second assignment of error, Mr. Millaud argues that the judgment quieting title to Lot 24A is an absolute nullity because neither the proper owner of Lot 24A nor he received notice of the tax sale or the Petition to Quiet Tax Title. He claims that he is a proper party to invoke the absolute nullity of the judgment,

---

[1] Also, because Mr. Millaud never held title to Lot 24A, he cannot claim ownership based on acquisitive prescription of ten years. La.C.C.P. art 3475 provides that to do so one must be in possession for ten years, be in good faith and have just title.

and that until that issue is adjudicated, there exists a genuine issue of fact as to Ms. Moore's ownership of Lot 24A.

Ms. Moore argues that Mr. Millaud has no standing to challenge the validity of the tax sale or the judgment quieting title to Lot 24A. She argues that only a party at interest can challenge a tax sale based on the lack of due process notice.

The law at the time of the tax sale in 2007 was amended in 2008, effective January 1, 2009. Thus, we apply the pre-amendment law to the tax sale, and the post-amendment law to the Petition to Quiet Title.

**A. Tax Sale**

In *Smitko v. Gulf South Shrimp, Inc.,* 11-2566 (La. 7/2/12), 94 So.3d 750,[2] the Supreme Court analyzed the law prior to the 2008 amendment, specifically former La. R.S. 47:2180. Under the former law, the tax collector was required to provide each taxpayer with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner's failure to pay taxes within twenty days will result in the sale of property, to protect their constitutionally protected property rights. *Id.,* 11-2566, pp. 10-11, 94 So.3d at 757 (quoting *C&C Energy, LLC v. Cody Investments, LLC,* 09-2160, p. 7, 41 So.3d 1134, 1139). Failure to provide this notice was fatal to a tax sale. *Smitko,* (relying on *Lewis v. Succ. of Johnson,* 05-1192, pp. 8-9 (La. 4/4/06), 925 So.2d at 1172, 1177).

Mr. Millaud argues that the purported title (Tax Sale Deed) and subsequent Petition to Quiet Title were defective for multiple reasons, including, but not limited to, the fact that both documents assert that the last record owner of Lot 24A

---

[2] This case was superceded by statute as discussed in *Central Properties v. Fairway Gardenhomes, LLC,* 16-1855 (La. 6/27/17), 225 So.3d 441. However, the tax sale in this case took place in 2007, prior to enactment of the legislation.

was Rudolph R. Schoemann, III, pursuant to a 1995 sale to him. Mr. Millaud argues that this is error because a more recent sale reflects that Schoemann, III, sold the property on or about August 26, 1997, to Schoemann & Associates, APLC, and that that Schoemann & Associates, APLC, was never served with notice of the tax sale or the Petition to Quiet Title, nor was he notified as the subsequent owner of the lot.

The Tax Sale Deed reflects that a notice was mailed to the record owner of Lot 24A, Rudolph R. Schoemann, III, at 540 Emerald Street, New Orleans, LA. Mr. Schoemann, III, was the president of Schoemann & Associates, APLC. Accordingly, he and the law corporation received actual notice of the tax sale.

Also, as discussed above, Mr. Millaud is not the successor in title of Lot 24A. The Act of Cash Sale from Rudolph R. Schoemann, III, to Schoemann & Associates, APLC, does convey ownership of Lot 24A. As such, Mr. Millaud has never been an owner of Lot 24A entitled to notice of the tax sale. Thus, his argument as to the tax sale must fail.

### B. Petition to Quiet Title:

A petition to quiet title may be brought after three years from the date of recording the tax deed in the conveyance records. After the lapse of six months from the date of service of the suit, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the tax title. See La. R.S. Sect. 47:2266.

In this case, the tax deed was recorded on December 17, 2007. Ms. Moore filed a Petition to Quiet Title against Clenett L. Samuels and Rudolph R. Schoemann, III. She subsequently filed a Motion for Summary Judgment, and

attached certified copies of her tax sale deeds[3], her affidavit, the verified petition, and the answer and general denial of the defendants by their curator *ad hoc*. Summary judgment was granted on February 6, 2015, and the judgment signed on February 11, 2015.

Mr. Millaud argues that the judgment quieting title is an absolute nullity. Again, he argues that because the proper party, Schoemann & Associates, APLC, was not properly served with the notice of the tax sale, the underlying tax deed used to obtain the quieted title is without effect. As explained above, we find that both Schoemann & Associates, APLC, and Rudolph R. Schoemann, III, were properly notified of the underlying tax sale as the notice was sent to Rudolph R. Schoemann, III's home, and the record confirms him as the president of the professional law corporation. "A judgment that is rendered when there is a vice of form, such as invalid service of process, is an absolute nullity." *Folse v. St. Rose Farms*, 14-436, p. 5 (La.App. 5 Cir. 11/25/14), 165 So.3d 104, 107. As we find that the proper parties were notified of the tax sale and that the tax sale is valid, at most, the underlying judgment quieting title is a relative nullity, which can only be attacked by an owner or a good faith possessor. As Mr. Millaud is neither, he has no standing to attack the judgment quieting title to Lot 24A.

Accordingly, we find that summary judgment was properly granted to Ms. Moore, and affirm the ruling of the trial court.

**AFFIRMED**

---

[3] The motion references two separate pieces of property, one of which is the subject Lot 24A. The other property is not relevant to this litigation.

8