DAVID G. MILLAUD

VERSUS

ELLEN A. MOORE

\* NO. 2019-CA-1047

\* 

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\* \* \* \* \* \* \*

## ON REMAND FROM THE LOUISIANA SUPREME COURT

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-01391, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge
Tiffany G. Chase)

Chelsea B. Cusimano
Douglas R. Kraus
Susannah C. McKinney
BRENER & KRAUS, LLC
3640 Magazine Street
New Orleans, LA 70115
    COUNSEL FOR PLAINTIFF/APPELLANT


Eric Oliver Person
1539 Jackson Avenue, Suite 100
New Orleans, LA 70130
    COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**

**DECEMBER 23, 2020**

*DLD*
*EAL*
*TGC*

On remand from the Louisiana Supreme Court, we have been charged with examining the merits of this case in light of La. Code of Civil Procedure arts. 3651-3671, to-wit, possessory and petitory actions. After doing so, we reverse the opinion of the trial court, and explain our findings below.

**BACKGROUND:**

David G. Millaud filed a possessory action claiming ownership of property he allegedly purchased on or about July 19, 2001, at 3670 Gentilly Boulevard, in New Orleans. Mr. Millaud claims that Lot 24A was part of the parcel of land he purchased. In his petition, Mr. Millaud argued that Ellen Moore, defendant herein, illegally removed trees from Lots 24A, 25 or 26, and removed a portion of a fence.

As part of his petition, Mr. Millaud sought injunctive relief enjoining Ms. Moore from engaging in any acts of possession, destruction, or purported ownership of Lot 24A, and Lots 25, 26, 27 and 28 of Block "B", Boulevard

1

Heights Subdivision, on Gentilly Boulevard, New Orleans. The trial court granted Mr. Millaud a temporary restraining order.

On March 28, 2019, Ms. Moore filed a Motion for Summary Judgment, arguing that no genuine issue of material fact existed as to the ownership of Lot 24A. She submitted evidence in support of her motion that Mr. Millaud did not purchase Lot 24A, as part of his purchase of the other lots in the parcel of land. Further, Ms. Moore submitted evidence that she had purchased Lot 24A for unpaid taxes in 2005, and that she had been adjudicated the owner of Lot 24A on February 15, 2015, pursuant to a Petition to Quiet Title.

In opposition to the Motion for Summary Judgment, Mr. Millaud argued that when he purchased the property at 3670 Gentilly Boulevard, the property included a house and contiguous lots, including Lots 28, 27, 26, 25 and 24A. He argued that he had possessed the property in good faith, quietly and without disturbance, for fourteen years. Mr. Millaud also argued that the judgment quieting title to the property was an absolute nullity as neither the record owner of Lot 24A nor he received notice of the tax sale or the Petition to Quiet Title. Thus, he argued, a disputed material fact existed as to the validity of the underlying tax sale sufficient to defeat summary judgment.

Following a hearing, the trial court granted summary judgment in favor of Ms. Moore on August 2, 2019, dismissing all of Mr. Millaud's claims. In written reasons for judgment, the trial court stated that Mr. Millaud was mistaken in his belief that he owned Lot24A, as there was no proof that he had ever purchased Lot

2

24A. Further, it found that Mr. Millaud was not a possessor in good faith of the property, as he did not have good title to the property, citing La. Civ. Code art. 487.

**DISCUSSION:**

Appellate review of a summary judgment is *de novo*, using the same criteria district courts employ when determining if summary judgment is proper. *Burgess v. Shi Gang Zheng,* 17-0665, p. 6 (La.App. 4 Cir. 10/10/18), 257 So.3d 764, 769, citing *Madere v. Collins*, 17-0723, p. 6 (La.App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147. Thus, we must determine if the "motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La. Code Civ. Proc. art. 966 A(3). Ms. Moore, as the mover, bore the burden of proof, but was not required to negate all essential elements of the adverse party's claim, action or defense, but to point out the absence of fact for one or more elements essential to Mr. Millaud's claim, action or defense. La. Code Civ. Proc. art. 966 D(1). Mr. Millaud bore the burden of producing factual support sufficient to establish the existence of a material fact or that Ms. Moore was not entitled to judgment as a matter of law. *Id.*

Mr. Millaud argued on appeal that the trial court erred in finding no genuine issue of material fact existed regarding his *possessory status* of Lot 24A. In our first opinion, this Court followed the ruling of the trial court in applying the rules of good or bad faith possession as set forth in La. Civ. Code art. 487. This was

3

error on our part. As noted by the Supreme Court, the law applicable to possessory and petitory actions is set forth in La. Code Civ. Proc. arts. 3655, *et seq.*

Louisiana Code of Civil Procedure art. 3655 provides:

The possessory action is one brought by **the possessor** of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. (emphasis added).

In his petition for possession, Mr. Millaud argued that he reasonably believed that he purchased Lot 24A when he purchased the surrounding property by act of cash sale in 2001, and that he possessed Lot 24A in good faith for fourteen years prior to filing his petition. He stated that his possession was disturbed when Ms. Moore cut down trees on Lot 24A, and that he filed his petition for possession within one year of the disturbance.

Louisiana Code of Civil Procedure art. 3658 provides:

To maintain the possessory action the possessor must allege and prove that:
1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
3) The disturbance was one in fact or law, as defined in Article 3659; and
4) The possessor action was instituted within a year of the disturbance.

Louisiana Code of Civil Procedure art. 3659 provides:

Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.

A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.

4

A disturbance in law is the execution, recordation, registry or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretention of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

Louisiana Code of Civil Procedure art. 3660 provides:

A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, **whether in good or bad faith**, or even as a usurper. (emphasis added.)

Thus, subject to the provisions of Articles 3656[1] and 3664[2], a person who claims the ownership of immovable property or of a real right therein possesses through his lessee, through another who occupies the property or enjoys the right under an agreement with him or his lessee, or through a person who has the use or usufruct thereof to which the right of ownership is subject.

In her Motion for Summary Judgment, Ms. Moore argued that on December 7, 2007, she purchased interest in Boulevard Heights, Square B, Lot 24A, Third District, and from that date forward paid the taxes due on the property. Further, on February 11, 2015, she obtained a judgment against Clenett L. Samuels and Rudolph R. Schoemann, III, quieting title to the subject property.

---

[1] La.Code Civ.Proc. art. 3656 provides:
    A. A plaintiff in a possessory action shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for himself. A predial lessee possesses for and in the name of his lessor, and nor for himself.
    B. The possessory action shall be brought against the person who caused the disturbance, and in the venue provided by Article
[2] La. Code Civ. Proc. art. 3664 concerns mineral rights and is inapplicable to this matter.

Applying the law applicable to a possessory action, the evidence submitted by Ms. Moore in support of a motion for summary judgment is insufficient to challenge the allegations made by Mr. Millaud in his possessory action. As explained above, Mr. Millaud submitted evidence to create genuine issues of material fact sufficient to defeat summary judgment. His evidence established that he possessed the property in question at the time of the disturbance; that he had such possession quietly and without interruption for more than one year immediately prior to the disturbance (affidavit of grass cutter who had cut grass on property since at least 2003); that the disturbance was one of fact (cutting trees and removing fences) or law (purchasing at tax sale and quieting title); and, that he instituted the possessory action within one year of the disturbance. As such, pursuant to the Code of Civil Procedure, Ms. Moore's evidence of title is not sufficient to obtain a summary judgment in a possessory action.

Accordingly, we find that the trial court erred in granting summary judgment to Ms. Moore, and reverse. We remand this matter to the trial court for further proceedings.

**REVERSED AND REMANDED**