| SUZETTE M. CHAISSON | * | NO. 2021-CA-0669 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| PROGRESSIVE INSURANCE | * | |
| COMPANY, ZURICH | | FOURTH CIRCUIT |
| AMERICAN INSURANCE | * | |
| COMPANY, CRESCENT | | STATE OF LOUISIANA |
| CROWN DISTRIBUTING, LLC, | * * * * * * * | |
| JOHNNY J. PARKER, JR., AND | | |
| GARRETT S. GILLEN, JR. | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-03844, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale N. Atkins)

ATKINS, J., CONCURS IN THE RESULT.

Berney L. Strauss
Rhett Emerson King
Christopher D. Matchett
STRAUSS & KING
406 Magazine Street
Suite 300
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Thomas W. Darling
Laura W. Christensen
GAUDRY, RANSON, HIGGINS & GREMILLION, LLC
2223 Quail Run Drive
Suite C-2
Baton Rouge, LA 70808

Wade Antoine Langlois, III
John J. Danna, Jr.
GAUDRY, RANSON, HIGGINS, & GREMILLION, LLC
401 Whitney Avenue
Suite 500
Gretna, LA 70056

   COUNSEL FOR DEFENDANT/APPELLEE

                              **REVERSED AND REMANDED**

                                **July 27, 2022**

DLD
RLB

This is an appeal of the district court's July 7, 2021, judgment granting defendant's, Crescent Crown Distributing, L.L.C.'s ("Crown"), Motion for Partial Summary Judgment and dismissing plaintiff's, Suzette M. Chaisson's ("Chaisson"), claims for direct negligence in hiring, training, and supervision against Crown. Chaisson seeks the reversal of the district court's Partial Summary Judgment and to have Chaisson's allegations of direct negligence as to Crown included on the jury verdict form. For the reasons discussed below, we reverse the district court's judgment granting Crown's Motion for Partial Summary Judgment and remand for further proceedings consistent with this opinion.

**PROCEDURAL AND FACTUAL BACKGROUND**

This case concerns a motor vehicle accident that occurred on March 12, 2020. Three vehicles were involved in the accident: a Chrysler 300 driven by plaintiff Chaisson; a Dodge van driven by defendant Garret S. Gillen, Jr. ("Gillen"); and an 18-wheeler driven by defendant Johnny Parker, Jr. ("Parker") and owned by defendant Crown, Parker's employer. As Chaisson attempted to maneuver around Parker's illegally stopped 18-wheeler, Gillen rear-ended her, forcing Chaisson to collide with the 18-wheeler. Parker was issued a citation for a

violation of La. R.S. 32:141(A), for leaving a vehicle on the main traveled part of the highway.

On May 18, 2020, Chaisson filed a Petition for Damages against Defendants Crown, Parker (Crown's driver), and Zurich American Insurance Company (Crown's insurer) for injuries allegedly sustained in the automobile accident.[1] In her Petition, Chaisson alleges the direct negligence of Crown for negligent training or supervision and for failure to maintain its vehicle as well as the direct negligence of Parker for the accident. Chaisson also alleges Crown's liability for Parker's negligence under the theory of *respondeat superior*. In its Answer, Crown admitted that Parker was employed by and in the course and scope of his employment with Crown at the time of the accident.

A hearing was held on Crown's Motion for Partial Summary Judgment on July 3, 2021. By judgment dated July 7, 2021, the district court granted Crown's Motion and dismissed all direct negligence claims against Crown, holding that Chaisson could not maintain separate causes of action for negligence against both an employee who was in the course of his employment as well as his employer. The district court designated the July 7, 2021 judgment as final pursuant to La. Code Civ. Proc. art. 1915(B) and found no just reason for delay. This appeal followed.

## STANDARD OF REVIEW

"Appellate courts review judgments granting or denying motions for summary judgment *de novo* using the same criteria district courts consider when determining if summary judgment is proper." *Fertitta v. Regions Bank*, 20-

---

[1] Chaisson also named Garret S. Gillen, Jr. (the driver who rear-ended Chaisson) and Progressive Security Insurance Company (Gillen's insurer) as defendants in her Petition for Dam ages.

0300, p. 9 (La. App. 4 Cir. 12/9/20), 311 So. 3d 445, 452 (citing *Madere v. Collins*, 17-0723, p. 6 (La. App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147). Pursuant to Louisiana Code of Civil Procedure Article 966(A)(3)-(4), a court must grant a motion for summary judgment if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. Code Civ. Proc. art. 969; [t]he procedure is favored and shall be construed to accomplish these ends." La. Code Civ. Proc. art. 966(A)(2). "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties. La. Code Civ. Proc. art. 966(E)."

"The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. Code Civ. Proc. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*. "When a motion for summary judgment is made and supported as provided [in La. Code Civ. Proc.

3

art. 967(A)], an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided [in La. Code Civ. Proc. art. 967(A)], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." La. Code Civ. Proc. art. 967(B).

## DISCUSSION

Appellant, Chaisson, raises three assignments of error. First, Appellant alleges that the trial court's ruling is erroneously based on non-binding case law and conflicts with both the Louisiana Civil Code and the Louisiana Code of Civil Procedure. Secondly, Appellant argues that the district court's ruling is in contravention to Louisiana Supreme Court jurisprudence. And lastly, Appellant argues that the district court erred by failing to instruct the jury as to employer fault and by omitting employer fault from the jury verdict form. For the following reasons, and in light of the Louisiana Supreme Court's recently-issued opinion in *Martin v. Thomas*, we agree with Appellant's assignments of error. *See generally Martin v. Thomas*, 21-01490, (La. 6/29/22), ___So.3d___, 2022 WL 2339095.

"In Louisiana, legislation is superior to any other source of law." *Willis-Knighton Med. Ctr. v. Caddo-Shreveport Sales & Use Tax Comm'n*, 04-0473, p. 33 (La. 4/1/05), 903 So.2d 1071, 1092, (citing La. Civ. Code art. 2), *reh'g granted*, (La. 06/22/05), 903 So.2d at 1107-08. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code art. 9. "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ. Code art. 10.

4

Louisiana Civil Code Article 2315(A) provides: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Louisiana Civil Code Article 2316 provides: "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." Further, Louisiana Code of Civil Procedure Article 892 states that a petitioner "may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive." The Louisiana Supreme Court has held that these articles clearly and unambiguously permit a plaintiff to plead two or more alternative causes of action against any party who has caused him or her harm. *Martin*, 21-01490, p.6, ___So.3d___, ___, 2022 WL 2339095, at *3.

In *Martin*, the Louisiana Supreme Court noted that a claim subject to *respondeat superior* and a claim of negligent hiring or negligent entrustment are separate and independent theories of liability. *Id*., 21-01490, p.7, ___So.3d___, ___, 2022 WL 2339095, at *4 (citing *Roberts v. Benoit*, 605 So.2d 1032, 1037 (La. 1991)). While the principles of *respondeat superior* make an employer not only responsible for his or her own tortious conduct but also for that of an employee acting within the course and scope of employment, actions for negligent hiring and negligent entrustment are standalone, independent claims for an employer's negligence. *Id*. *See also* La. Civ. Code art. 2317, *et seq*.

Furthermore, Louisiana Civil Code Articles 2323 and 2324 establish a regime of comparative fault which requires a percentage of fault to be allotted to each tortfeasor consistent with the damage he or she has caused. *See Martin*, 21-01490, p.9, ___So.3d___, ___, 2022 WL 2339095, at *5, (citing *Thompson v. Winn-Dixie Montgomery, Inc.*, 15-447, pp. 9-10 (La. 10/14/15), 181 So.3d 656,

5

664).  This regime ensures that a tortfeasor's liability is limited to only the damage caused by his or her own fault.  *Id.*

This Court recognizes that the principles of comparative fault must be applied in any determination of liability.  In *Martin*, the Louisiana Supreme Court considered each of the issues that are currently in front of this Court and concluded that an employer's vicarious liability does not abrogate the requirements of Louisiana's comparative fault regime.  Instead, fault must be assessed to all parties as prescribed by law.  The Supreme Court held that:

> It is possible that an employer and an employee may both be assigned a percentage of fault, depending on the facts. An employer will still be financially responsible for an employee's percentage of fault if the employee was in the course and scope of employment. The initial assessment of fault required by the law is not bypassed due to the employer-employee relationship.
>
> The assessment of fault shall be made first as required by law. If any fault is assessed to the employee, and if it is determined that the employee was in the course and scope of the employment, then the employer becomes *financially responsible* for the employee's fault under the theory of *respondeat superior*. This societal decision as to who actually pays does not change the manner of assessing fault to all parties as required by law.

*Martin*, 21-01490, p. 10, ___So.3d___, ___, 2022 WL 2339095, at *6.  Here, Appellee Crown makes the exact argument as the *Martin* Appellee.  Appellee Crown argues that direct negligence claims against an employer are "subsumed" when an employer stipulates that its employee's actions at the time of the accident were within the course and scope of employment because the employer will be vicariously liable under *respondeat superior*.  Like the Appellee in *Martin*, Appellee Crown's argument relies on an opinion handed down by a federal district court in *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016).  The *Dennis* Court held that:

6

> [A] plaintiff cannot simultaneously pursue both (1) a negligence cause of action against an employee for which the employer is vicariously liable and (2) a direct negligent training and supervision cause of action against the employer when the employer stipulates that the employee was in the course and scope of employment when he committed the alleged negligence.

*Dennis*, 2016 WL 6637973, at *8. The *Dennis* Court reasoned that an employer can never be liable for negligent hiring or supervision unless the employee was also negligent, in which case the employer's negligence is "subsumed" through its vicarious liability. *Id.*, 2016 WL 6637973, at *6. However, just as the *Martin* Court pointed out, the *Dennis* opinion fails to consider that *both* an employer and an employee can be simultaneously at fault for separate acts of direct negligence. *Martin*, 21-01490, pp. 11-12, ___So.3d___, ___, 20222 WL 2339095, at *7. If an employee is determined to have been at fault, claims for direct negligence against the employer are not simply "subsumed." *Id.*, 21-01490, p.14, ___So.3d___, ___, 2022 WL 2339095, at *8. Rather, claims for direct negligence against an employer must be assessed in consideration of the available evidence and proportionate percentages of fault must be allotted accordingly. *Id.* Thus, Appellee Parker's negligence does not subsume that of Appellee Crown.

### DECREE

We hold that the district court erred by granting the motion for partial summary judgment in favor of Crown and failing to instruct the jury as to the direct negligence of the employer. The judgment contravenes Louisiana civilian law and is incompatible with Louisiana Supreme Court jurisprudence. Accordingly, we reverse the district court's ruling and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

7